

1835 Market Street, 17th Floor
Philadelphia, PA 19103
Tel: +1 (215) 569-8901
marks@mslegal.com
www.Marks-Sokolov.com

March 26, 2020

Via Email (dan@dasingerlaw.com)

Daniel A. Singer, Esquire
The Law Offices of Daniel A. Singer PLLC
630 3rd Avenue, 18th Floor
New York, New York 10017

  Re: In re Larisa Markus (Case No. 19-10096-MG) (Bankr. S.D.N.Y.)

Dear Dan:

  On behalf of Yuri Vladimirovich Rozhkov, the trustee and foreign representative ("**Foreign Representative**") of Debtor, **Larisa Markus**, in the above-referenced Chapter 15 proceeding, we are writing pursuant to the Turnover Order to demand: (i) return of **$55,900** your firm received from the Larisa Markus Revocable Trust ("**LM Trust**") after March 29, 2019; and (ii) turnover of all documents, including all communications received or sent by your firm in its capacity of representing the LM Trust.

  *First*, on February 27, 2019, the Court had "so ordered" recognition, which was reduced to a written order on April 1, 2019 (*Markus* ECF 29); *see also* Turnover Order (*Markus* ECF 173), at 3, f.n.1 (noting *Markus* and *Bank* Recognition Orders).[1]  The *Markus* Recognition Order provides:

> ORDERED, that pursuant to 11 U.S.C. § 1520(a)(1), sections 361 and 362 of the Bankruptcy Code apply with respect to the Debtor and the property of the Debtor currently within or that may be brought into the territory and jurisdiction of the United States (the "Assets") ….

Recognition Order (*Markus* ECF 29), at 4 (emphasis added).  "The most important consequence of the applicability of section 362 is that **from and after April 1, 2019**, when the *Markus* Case was recognized as a foreign main proceeding, *anyone* transferring Markus' property in the United States violated the stay and any transfer in violation of the stay is *void*."  Turnover Order, at 15 (italicized emphasis in original) (citations omitted).

  *Second*, pursuant to the Recognition Order, the entire proceeds (**$5,389,299.40**) from the sale of Ms. Markus' property in the U.K. ("**Markus UK Proceeds**") were subject to administration by the Foreign Representative once they were transferred on **March 29, 2019** into the Chase account of the LM Trust and then **$3,055,926.40** of the proceeds were transferred to a Citibank account of 550 Park.  Turnover Order, at 5.  The Markus UK Proceeds in the LM Trust account were also disbursed to various LM Entities, Protax Entities and attorneys, including your firm.  To prevent

---

[1] "One of the effects of the [*Bank* and *Markus*] recognition orders … was to impose the automatic stay *against any transfers of property* of the Russian bankruptcy estates of those foreign debtors [including Markus] within the territorial jurisdiction of the United States."  Turnover Order, at 3 (emphasis added).



Daniel A. Singer, Esquire
March 26, 2020
Page 2

further dissipation of Ms. Markus' assets, the Court froze the funds remaining in the accounts of both the LM Trust and 550 Park.  *See* May 29, 2019 Freeze Orders (*Markus* ECF 57; *Bank* ECF 57).

In violation of the Recognition Order, your firm accepted **$55,900** from the Markus UK Proceeds in the LM Trust account after March 29, 2019, which must be returned to the Foreign Representative:

| Dates | Amounts | Description – Payments made to: |
|---|---|---|
| 4/5/2019 | $41,033.00 | Law Offices of David Singer |
| 5/20/2019 | $14,867.00 | Law Offices of David Singer |
|  | **$55,900.00** | **TOTAL payments** |

***Third***, the Foreign Representative "succeeded to all of [Ms.] Markus' rights and powers with respect to her property and funds in the territorial jurisdiction of the United States." Turnover Order, at 34-35.  The Turnover Order provides:

> The Foreign Representative stepped into [Ms.] Markus' shoes; thus, the Foreign Representative owns and controls all of [Ms. Markus'] assets in the United States. …
>
> To be clear, … the Court is ordering turnover of all [of Ms. Markus'] property pursuant to section 1521(a)(5) [of the Bankruptcy Code] ….

*Id*., at 24, 35.  Thus, pursuant to the Turnover Order, the Foreign Representative is entitled to administer all assets of Ms. Markus, including those that passed through the now dissolved LM Trust and those that were transferred to 550 Park.

Having "stepped into" Ms. Markus' shoes, pursuant to the Turnover Order, the Foreign Representative demands:

1. Turnover of **$55,900** your firm received from the LM Trust after March 29, 2019, in violation of the Recognition Order, to be deposited into the escrow account of Marks & Sokolov, LLC; and

2. Turnover of all documents of LM Trust and 550 Park, including but not limited, to all communications received and sent by your firm in its capacity of representing the LM Trust, including ***communications with Messrs. Bykov,***



Daniel A. Singer, Esquire
March 26, 2020
Page 3

### *Worms, Kingsley and Plotko*.[2]

We have been ordered to provide a report to the Court regarding turnover of the Markus Assets on April 2, 2020. Let me know your availability to discuss the logistics of the turnover.

Sincerely,

*/s/ Bruce Marks*

For: Marks & Sokolov, LLC

---

[2] *See, e.g., Commodities Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352-53 (1985) (bankruptcy trustee retains control of corporate privilege for pre-bankruptcy communications); *In re Worldwide Wholesale Lumber, Inc.*, 392 B.R. 197, 203-04 (Bankr. D.S.C. 2008) (trustee is holder of attorney-client privilege belonging to debtor and may invoke privilege for pre- and post-bankruptcy communications).