

1835 Market Street, 17th Floor
Philadelphia, PA 19103
Tel: +1 (215) 569-8901
marks@mslegal.com
www.Marks-Sokolov.com

March 26, 2020

Via Email (dan@dasingerlaw.com)

Daniel A. Singer, Esquire
The Law Offices of Daniel A. Singer PLLC
630 3rd Avenue, 18th Floor
New York, New York 10017

Re:    *In re Larisa Markus* (Case No. 19-10096-MG) (Bankr. S.D.N.Y.)

Dear Dan:

On behalf of Yuri Vladimirovich Rozhkov, the trustee and foreign representative ("**Foreign Representative**") of Debtor, **Larisa Markus**, in the above-referenced Chapter 15 proceeding, we are writing pursuant to the Turnover Order to demand from Ilya Bykov ("**Bykov**"), Protax Services Inc., Protax Services Consulting, Inc. and Prolegal International Inc. (collectively, "**Protax Entities**"): (i) turnover of **$1,378,420.92** which Bykov disbursed from the Larisa Markus Revocable Trust ("**LM Trust**") after March 29, 2019;[1] (ii) return of **$539,310.56** the Protax Entities received from the LM Trust after March 29, 2019; (iii) turnover of all documents, including communications, of the LM Trust or 550 Park Avenue, LLC ("**550 Park**").

*First*, on February 27, 2019, the Court had "so ordered" recognition, which was reduced to a written order on April 1, 2019 (*Markus* ECF 29); *see also* Turnover Order (*Markus* ECF 173), at 3, f.n.1 (noting *Markus* and *Bank* Recognition Orders).[2]  The *Markus* Recognition Order provides:

> ORDERED, that pursuant to 11 U.S.C. § 1520(a)(1), sections 361 and 362 of the Bankruptcy Code apply with respect to the Debtor and the property of the Debtor currently within or that may be brought into the territory and jurisdiction of the United States (the "Assets") ….

Recognition Order (*Markus* ECF 29), at 4 (emphasis added).  "The most important consequence of the applicability of section 362 is that **from and after April 1, 2019**, when the *Markus* Case was recognized as a foreign main proceeding, *anyone* transferring Markus' property in the United States violated the stay and any transfer in violation of the stay is *void*."  Turnover Order, at 15 (italicized emphasis in original) (citations omitted).  The Court emphasized: "Any transfer of property in violation of the automatic stay is *void* … and a willful violation of the automatic stay is **punishable as contempt of court**."  *Id*., at 30 (italicized emphasis in original) (citation omitted).  The Court

---

[1] The Foreign Representative is seeking turnover of the $1,378,420.92 from Bykov, as well as from persons that received a portion thereof, such as the Protax Entities.  To the extent the Protax Entities (or other persons) return those funds, Bykov's liability will be reduced by the amounts returned.

[2] "One of the effects of the [*Bank* and *Markus*] recognition orders … was to impose the automatic stay *against any transfers of property* of the Russian bankruptcy estates of those foreign debtors [including Markus] within the territorial jurisdiction of the United States."  Turnover Order, at 3 (emphasis added).



Daniel A. Singer, Esquire
March 26, 2020
Page 2

also found: "Bykov has so far also significantly thwarted the Foreign Representative's discovery efforts in this case. ***Bykov and his counsel are forewarned that the Court will not tolerate Bykov's efforts to prevent a full judicial accounting for Markus' assets both in the United States and elsewhere***." *Id.*, at 34, f.n.9 (emphasis added).

***Second***, pursuant to the Recognition Order, the entire proceeds (**$5,389,299.40**) from the sale of Ms. Markus' property in the U.K. ("**Markus UK Proceeds**") were subject to administration by the Foreign Representative once they were transferred on **March 29, 2019** into the Chase account of the LM Trust and **$3,055,926.40** of the proceeds were then transferred to a Citibank account of 550 Park. Turnover Order, at 5. The Markus UK Proceeds in the LM Trust account were also disbursed to various LM Entities, attorneys and Protax Entities. To prevent further dissipation of Ms. Markus' assets, the Court froze the funds remaining in the accounts of both the LM Trust and 550 Park. *See* May 29, 2019 Freeze Orders (*Markus* ECF 57; *Bank* ECF 57).

In violation of the Recognition Order, **$1,378,420.92** from the Markus UK Proceeds was disbursed by Bykov and must be returned to the Foreign Representative:

| | |
|---:|---|
| **$5,389,299.40** | UK Proceeds deposited into LM Trust Chase account |
| ($1,010,878.48) | Monies transferred from LM Trust to Marks Escrow |
| ($3,000,000.00) | Monies transferred from 550 Park to Marks Escrow |
| **$1,378,420.92** | Markus UK Proceeds disbursed from LM Trust account |

In addition, in violation of the Recognition Order and Freeze Orders, the Protax Entities accepted **$539,310.56** from the Markus UK Proceeds in the LM Trust account after March 29, 2019:

| Dates | Amounts | Description – Payments made to: |
|---|---|---|
| 4/5/2019 | $226,674.00 | Protax |
| 4/17/2019 | $20,000.00 | Protax |
| 4/30/2019 | $24,500.00 | Protax for Ilya Bykov's trip to London and Paris |
| 4/30/2019 | $60,000.00 | Protax for "legal fees payment to Russian attorneys" |
| 5/1/2019 | $60,000.00 | Protax for "legal fees payment to Russian attorneys" |
| 5/3/2019 | $8,136.56 | Protax for "travel reimbursement" |
| 5/20/2019 | $120,000.00 | Protax for "payment to Rus Attorneys" |
| 5/29/2019 | $20,000.00 | Protax |
| | **$539,310.56** | **TOTAL PAYMENTS** |

***Third***, the Foreign Representative "succeeded to all of [Ms.] Markus' rights and powers with respect to her property and funds in the territorial jurisdiction of the United States." Turnover Order, at 34-35



Daniel A. Singer, Esquire
March 26, 2020
Page 3

The Turnover Order provides:

> The Foreign Representative stepped into [Ms.] Markus' shoes; thus, the Foreign Representative owns and controls all of [Ms. Markus'] assets in the United States. …

> To be clear, … the Court is ordering turnover of all [of Ms. Markus'] property pursuant to section 1521(a)(5) [of the Bankruptcy Code] ….

*Id*., at 24, 35.  Thus, pursuant to the Turnover Order, the Foreign Representative is entitled to administer all assets of Ms. Markus, including those that passed through the now dissolved LM Trust and those that were transferred to 550 Park.

Having "stepped into" Ms. Markus' shoes, pursuant to the Turnover Order, the Foreign Representative demands:

1. Turnover of **$1,378,420.92** of Markus UK Proceeds that Bykov disbursed from LM Trust Chase account after March 29, 2019, to be deposited into the escrow account of Marks & Sokolov, LLC;

2. Turnover of **$539,310.56** Bykov and/or the Protax Entities received from the LM Trust after March 29, 2019, in violation of the Recognition Order, to be deposited into the escrow account of Marks & Sokolov, LLC; and

3. Turnover of all documents of LM Trust and 550 Park, including but not limited to communications between Bykov/Protax Entities and anyone acting on behalf of Markus, the LM Trust or 550 Park (including all agents and attorneys including the law firms which represented them in the Chapter 15 proceedings).**[3]**

We have been ordered to provide a report to the Court regarding turnover of the Markus Assets on April 2, 2020.  Let me know your availability to discuss the logistics of the turnover.

Sincerely,

*/s/ Bruce Marks*

For: Marks & Sokolov, LLC

---

[3] *See, e.g., Commodities Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352-53 (1985) (bankruptcy trustee retains control of corporate privilege for pre-bankruptcy communications); *In re Worldwide Wholesale Lumber, Inc.*, 392 B.R. 197, 203-04 (Bankr. D.S.C. 2008) (trustee is holder of attorney-client privilege belonging to debtor and may invoke privilege for pre- and post-bankruptcy communications).