THE LAW OFFICES OF DANIEL A. SINGER PLLC
630 THIRD AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10017
TEL: (917) 696-6047

April 11, 2020

By Electronic Filing
Judge Martin Glenn
New York Southern District of New York, Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

        Re: Foreign Economic Industrial Bank Limited "Vneshprombank" Ltd. Case No. 16-13534 (the "Bank Case")/In Re Larisa Markus Case No. 19-10096 ("Markus Case")(collectively the "Chapter 15 Proceedings"); Adversary Proceeding Case No. 19-01413 ("Markus Adversary Proceeding")/Adversary Proceeding Case No. 19-01414 ("Bank Adversary Proceeding")(collectively, the "Adversary Proceedings")
        PROPOSED ORDER WITH RESPECT TO 04/06/2020 CONFERENCE

Dear Judge Glenn:

        We are the attorneys for what have commonly been referred to as the LM Entities and the Protax Entities in the above-referenced matters. I am writing to present to the Court an alternative proposed order which I believe more accurately reflects Your Honor's instructions provided at the April 6, 2020 conference (the "April 6th Conference") and which is more in-line with previous related discovery orders which have been issued by this Court. I am also writing to highlight the key differences between the proposed order being presented by the Foreign Representatives (the "FR Proposed Order") and the one being presented by the LM Entities and Protax Entities. The proposed order being presented by the LM Entities and Protax Entities is annexed hereto as Exhibit A (the "LM Proposed Order"). A "redlined" version comparing the FR Proposed Order (in "single" form) and the LM Proposed Order is annexed hereto as Exhibit B.

        At the April 6th Conference, the Court directed, on the consent of the Foreign Representatives (the "FR" or ""Foreign Representative") and LM Entities and Protax Entities, that the deadlines in the above-referenced proceedings be suspended, with a few exceptions none of which pertain to this order. While the Court directed that the parties confer at this time regarding proposed deadlines at this time, Your Honor made clear that such proposed deadlines did not need to be presented to the Court until May 7, 2020 at 5:00 pm. See transcript of April 6th Conference (the "Subject Transcript") annexed hereto as Exhibit C, pp. 38/24-25 -39/1-6). It is respectfully submitted that presenting such deadlines to the Court at this time is premature as a number of factors are likely to impact the timeframe for such deadlines between now and May 7th including, by example, the restriction in place as a result of the Covid 19 pandemic and the progress of settlement. As such, it is the LM Entities and Protax Entities' position that the parties should not be disturbing the Court with proposed dates at this time. Notwithstanding the

1

foregoing and without waiver of the LM Entities and Protax Entities' respective rights, proposed dates for the various discovery deadlines are set forth in the LM Proposed Order so that the Court is not simply presented with the dates being proposed by the Foreign Representative.

      It is respectfully submitted that the discovery deadlines being presented by the Foreign Representative do not take into account the inability of the LM Entities and Protax Entities to conduct the discovery which had been set forth in the order dated October 31, 2019 (the "October 31st Order *Markus Case dkt no. 185)* and extended on various occasions. As the Court is aware, Governor Cuomo has issued a stay at home order for the State of New York which has now been extended to April 29, 2020 and has extended his emergency order through May 7, 2020 (see executive order 202.14). As I have previously represented to the Court, I do not have access to all of the documents pertaining to this matter at home. Protax, like almost all other businesses, is working remotely and does not have access to all of the pertinent documents. Similarly, it is my understanding that Mr. Bykov is residing in the Hudson Valley and intends to stay there until the pandemic subsides. He is also operating under similar restrictions. Turning to the individual components of the discovery order, it is simply not possible to abide by any of them while the stay at home order remains in effect and until life returns to some level of normality. For example, with Protax working remotely and with businesses being shut down, it is simply not possible for Protax to send documents to an e-discovery vendor to perform searches. Moreover, what have been referred to as the "Steblin" documents, "Granik" documents, and documents in the "France Folder" are in in hard copy form in my office and have been organized by my office accordingly. I would need to go to my office to review such documents with my paralegal and prepare the appropriate productions. Clearly, this cannot happen in the current environment. The deadline in the LM Proposed Order assume that the "stay at home" orders will not extend past April 29th  and that my office and Protax will be able to resume normal functioning without unnecessary health risks at that time. Frankly, that is probably overly optimistic.

      In contrast to FR Proposed Order, the LM Proposed Order preserves the spacing between the various time periods which had been set forth in the October 31, 2020 Order and the various extensions thereof (*Markus Case dkt nos. 185, 191, 227 233, 244).* By mere example, the time between providing the documents to the e-discovery vendor and producing documents responsive to the 108 search terms has always been 1 month[1]. The FR Proposed Order fails to preserve such 1 month period, proposing less than three weeks for such a production- clearly impossible as it has been estimated that there are over 81,000 documents containing the 108 search terms[2]. (*Markus dkt no. 185-1).* Mr. Marks' claim that the abbreviated dates proposed by the FR are "reasonable" as "Mr. Singer has had since at least October 31, 2019" is a misstatement. As the Court is aware, the discovery deadlines have been extended, not so discovery could be worked on but so that the parties could focus on settlement.

---

[1] Extended accordingly to the next business day if the deadline fell on the weekend or holiday.
[2] Even prior to the pandemic, I had advised the Court that a one month period between the provision of the documents to an e-discovery vendor and the production of responsive of non-privileged documents was not realistic. However, without prejudice the respective rights of the Protax Entities and LM Entities, I do not wish to re-address that issue at this time.

      Equally as inappropriate, the FR has chosen to include "headings" with respect to each deadline. No such headings were provided in any previous stipulations extending such deadlines. Moreover, such headings are misleading. By mere example, the production of the documents responsive to the 108 search terms is labelled the "final production"- a clear misnomer which had already been addressed with the Court. It is not the "final production" but rather it is a very specific production pertaining solely to the 108 search terms.

      On the issue of Mr. Bykov's deposition, the LM Entities and Protax Entities' position is that FR is only entitled to one deposition of Mr. Bykov, not two. The FR made the decision to start Adversary Proceedings. It did not have to do this even it was concerned about the statute of limitations as a tolling agreement could have been executed. It is respectfully submitted that Bykov's deposition should not occur until there has been mutual document discovery between the parties conducted in the Adversary Proceedings. As such, it is respectfully submitted that the scheduling of the deposition at this time is premature.

      I thank the Court for its attention to this matter.

      Respectfully submitted,

      /s

      Daniel A. Singer