

1835 Market Street, 17th Floor
Philadelphia, PA 19103
Tel: +1 (215) 569-8901
marks@mslegal.com
www.Marks-Sokolov.com

May 7, 2020

<u>Via Email and PACER</u>

The Honorable Martin Glenn
United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

   Re: <u>*DIA v. LARMAR, et al.* (Adv. Proc. Case No. 19-01413-MG)</u>;
     <u>*Rozhkov v. LARMAR, et al.* (Adv. Proc. Case No. 19-01414-MG)</u>

Dear Judge Glenn:

  On behalf of Yuri Vladimirovich Rozhkov, the trustee and foreign representative ("**Markus FR**") of the Debtor Larisa Markus, and State Corporation Deposit Insurance Agency, the trustee and foreign representative of the Debtor Foreign Economic Industrial Bank Limited, Vneshprombank Ltd. ("**Bank FR**"), we submit this proposed scheduling order of the above-referenced Adversary Actions pursuant to the April 13, 2020 Order.

  By way of background, the Adversary Actions were filed on November 19, 2019 (*DIA* ECF 1; *Rozhkov* ECF 1). At the February 4 conference, Your Honor set April 3, 2020 as the date to answer or otherwise respond to the Adversary Complaints in response to Mr. Singer accepting service,[1] although Your Honor had intended to set a slightly earlier date. *See* February 4, 2020 Transcript (*DIA* ECF 35; *Rozhkov* ECF 34), at 10-11. Thereafter, Your Honor suspended the dates in the Adversary Actions on March 30, 2020, retroactive to the March 20, 2020 suspension of discovery deadlines in the Chapter 15 case. *See* Endorsed Order (*DIA* ECF 22; *Rozhkov* ECF 23). At the April 6 hearing, Your Honor ordered the parties to submit a proposed scheduling order by May 7. *See* Order (*Markus*, ECF 267; *Bank* ECF 209).

  We had initially discussed a proposed scheduling order with Mr. Singer on April 9, and we provided a draft proposed order to him on Tuesday, May 5. Mr. Singer briefly met and conferred, but said he intended to ask the Court to stay entering a scheduling order for 30 days based on settlement, despite the fact that the case has not settled. The FRs have consistently opposed extending deadlines based on settlement since February 2020. *See, e.g.,* FR Letter to the Court (*In*

---

[1] The other defendants were served as follows:

- BG Atlantic, Inc. – served via: (i) U.S. first-class mail, postage prepaid, on Ms. Ludmila Granik on February 26, 2020; (ii) Secretary of State on February 28, 2020; (iii) Mr. Alfred Granik on February 26, 2020; and (iv) Mr. Bykov on January 22, 2020) (*DIA* ECF 14, 16; *Rozhkov* ECF 14, 16). Despite being an officer and director of BG Atlantic, Bykov had refused to accept mailed service on January 21, 2020 (*DIA* ECF 7; *Rozhkov* ECF 7);

- Ms. Markus – served in Moscow on January 27, 2020 (*DIA* ECF 9; *Rozhkov* ECF 9).



The Honorable Martin Glenn
May 7, 2020
Page 2

*re Markus*, Case No. 19-cv-10363 (S.D.N.Y.) ("*10363 Appeal*"), ECF 10, at 2; *see also* Order noting "Settlement discussions alone will not suffice to show good cause" for an extension (*10363 Appeal*, ECF 20).

The attached proposed scheduling order shows the dates calculated in CMO #2 (*DIA* ECF 10; *Rozhkov* ECF 1) in **blue**, incorporates dates proposed by Mr. Singer in **yellow** and the dates not agreed upon in **red**, which are as follows:

*First,* the proposed order provides for defendants to answer or otherwise respond to the Complaints by **June 15**. The LM/Protax Defendants have been aware of the Adversary Actions since they were filed on November 19, 2019 and had accepted service on February 4.

*Second*, the proposed order provides for a motion to amend or to join additional parties to be filed by **July 15** – *i.e.*, a month after defendants' deadline to answer or otherwise respond to the Complaints.

*Third*, the proposed order provides for Rule 26 disclosures to be served and the Rule 26 plan to be submitted on **May 22**. The parties had been preparing their Rule 26 submissions when the April 2 deadline was suspended on March 30. The FRs provided Mr. Singer with their proposed Rule 26 plan on March 18.

*Otherwise*, the proposed order adopts the times for discovery and other tasks that were proposed by Mr. Singer in March. Although we believe these dates are realistic, they can be adjusted based on future events.

The LM/Protax Defendants have had adequate time to respond to the Adversary Complaints and to prepare their Rule 26 submissions. Judge Vyskocil and Your Honor have stated that Mr. Singer's status as a sole practitioner is not an excuse for delay and stonewalling. As Judge Vyskocil admonished Mr. Singer, he "need[s] either reinforcements or to work harder. It's that simple." May 29, 2019 Transcript (*Markus*, ECF 59, *Bank* ECF 89).

                                       Sincerely,

                                       */s/ Bruce Marks*

             For:     Marks & Sokolov, LLC

Attachment: Proposed scheduling order (dates shown in CMO#2)