**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd.,<br><br>Debtor in a Foreign Proceeding. | Case No. 15-13534 (MG)<br>Chapter 15 |
| In re:<br><br>Larisa Markus,<br><br>Debtor in a Foreign Proceeding. | Case No. 19-10096 (MG)<br>Chapter 15 |
| Yuri Rozhkov and The State Corporation "Deposit Insurance Agency,"<br><br>Plaintiffs,<br><br>v.<br><br>LARMAR Foundation; Ilya Bykov; BG Atlantic, Inc.; LM Realty 31B, LLC; ~~LM Realty 31C, LLC;~~ LM Realty 27D, LLC; LM Realty 24C, LLC; LM Realty 23H, LLC; LM Realty 20A, LLC; LM Realty 18 West, LLC; LM Realty 10C, LLC; LM Property Management LLC; Innovative Construction Group, Inc.; First Integrated Construction, Inc.; and Larisa Markus,<br><br>Defendants. | Adv. Pro. Case No. 19-**01413** (MG) |

1

| | |
|---|---|
| Yuri Rozhkov and The State Corporation "Deposit Insurance Agency," <br><br> Plaintiffs, <br><br> v. <br><br> LARMAR Foundation; Ilya Bykov; BG Atlantic, Inc.; LM Realty 31B, LLC; ~~LM Realty 31C, LLC;~~ LM Realty 27D, LLC; LM Realty 24C, LLC; LM Realty 23H, LLC; LM Realty 20A, LLC; LM Realty 18 West, LLC; LM Realty 10C, LLC; LM Property Management LLC; Innovative Construction Group, Inc.; First Integrated Construction, Inc.; and Larisa Markus, <br><br> Defendants. | Adv. Pro. Case No. 19-**01414** (MG) |

## CASE MANAGEMENT AND SCHEDULING ORDER # 2

The Complaints in these two Adversary Proceedings were filed on November 19, 2019. On January 3, 2020, the Court entered an order scheduling a pretrial conference in these cases for February 4, 2020, and requiring the Plaintiffs' counsel to file a status report regarding service of process of the Complaints on each of the defendants. (ECF Doc. # 3.) The Case Management Order also required counsel for the Plaintiffs and for any of the Defendants served in these cases before the February 4 conference to appear at the conference. Daniel Singer, Esq., counsel for defendants LARMAR Foundation; Ilya Bykov; LM Realty 31B, LLC; LM Realty 31C, LLC; LM Realty 27D, LLC; LM Realty 24C, LLC; LM Realty 23H, LLC; LM Realty 20A, LLC; LM Realty 18 West, LLC; LM Realty 10C, LLC; LM Property Management LLC; Innovative Construction Group, Inc.; and First Integrated Construction, Inc. in these two adversary proceedings, appeared at the conference. No counsel appeared for BG Atlantic, Inc. or for Larisa Markus. The Court was advised that is unclear whether service

2

of the Complaints on BG Atlantic, Inc. has been effected successfully. Plaintiffs counsel will promptly reserve BG Atlantic, Inc. The docket sheets in these two adversary proceedings includes an affidavit of service that shows that service on Larisa Markus was completed in Moscow on January 27, 2019. The terms of this Case Management and Scheduling Order # 2 apply to all of the defendants named in the Complaints.

The Court hereby orders, subject to further order of the Court, that these two adversary proceedings are consolidated for pretrial purposes only.

{2/4 ORDER DEADLINES = BLUE;
SINGER PROPOSED DATES = YELLOW;
DATES NOT AGREED-UPON = RED}

{CMO #2 DEADLINES SUSPENDED ON MARCH 24, 2020
(*DIA* ECF 22; *Rozhkov* ECF 23)}

Following the February 4, 2020 Case Management Conference [LM DEF: May 7, 2020 Conference], the Court enters the following Case Management and Scheduling Order # 2 in accordance with Fed. R. Civ. P. 16(b) and 26(f): Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 60 days from the date of this Order. APRIL 6, 2020; LM DEF: AUGUST 6, 2020.   JULY 15

1. Defendants must answer or otherwise plead to the Complaints on or before April 3, 2020. LM DEF: JULY 6, 2020   JUNE 15

2. Initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed not later than 45 days from the date of this Order. MARCH 20, 2020; LM DEF: JUNE 22, 2020 MAY 22

3. All <u>fact</u> discovery shall be completed not later than 180 days from the date of this Order. AUGUST 3, 2020; LM DEF: NOVEMBER 3, 2020

3

4. **Within 45 days after the date of this Order, the parties shall submit to the Court a written report outlining their Discovery Plan as required by FED. R. CIV. P. 26(f)(2) & (3).** [MARCH 20, 2020; LM DEF: JUNE 22, 2020; MAY 22] The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules").

5. Expert discovery

   a. All <u>expert</u> discovery shall be completed not later than forty-five (45) days after the date in paragraph 4, i.e., the completion of all fact discovery. SEPTEMBER 17, 2020; LM DEF: DECEMBER 18, 2020

   b. Not later than thirty (30) days <u>prior to</u> the date in paragraph 4, i.e., the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiffs' expert report(s) shall be due before those of defendants' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 6(a). JULY 2, 2020; LM DEF: OCTOBER 5, 2020

6. Motions

   a. All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (*see* Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact discovery (*see* paragraph 4 hereof). AUGUST 17, 2020; LM DEF: NOVEMBER 17, 2020

   b. Motion papers shall be filed promptly after service. All motions, and

courtesy copies of motions, shall include a table of contents listing all affidavits and exhibits. Affidavits and exhibits shall be clearly identified by tabs on both the original and courtesy copies. Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached. Exhibits for plaintiffs should be marked by numbers; exhibits for defendants should be marked by letters.

        c.       Two courtesy copies of all motions papers shall be delivered to chambers as soon as practicable after filing.

        **d.**       **Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.**

        e.       Prior to filing a motion, counsel for the moving party shall contact my Courtroom Deputy, Deanna Anderson, to obtain a hearing date for the motion.

        7.       All counsel must meet face-to-face to discuss settlement or use of alternative dispute resolution ("ADR") within fourteen (14) days after the date of this Order [FEBRUARY 18, 2020] and, again, within fourteen (14) days after the close of fact discovery. [AUGUST 17, 2020; LM DEF: NOVEMBER 17, 2020] Counsel shall advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the cases. The use of any ADR mechanism does not stay or modify any date in this Order unless the Court agrees on the application of any party. Counsel for those parties appearing at the February 4, 2020 hearing advised the Court that an agreement in principle to settle all or most of the issues raised in these cases has been reached, but that the Plaintiffs will be required to obtain the approval of a court in Moscow before they can execute a settlement agreement. The Court expects counsel to

5

proceed expeditiously to conclude a settlement in these cases. The deadlines set in this Order shall continue to apply unless modified by an Order of this Court. Counsel shall submit a proposed Joint Pretrial Conference Order within thirty (30) days after the close of fact and expert discovery (whichever is later). [OCTOBER 19, 2020; LM DEF: JANUARY 18, 2021] The proposed Joint Pretrial Conference Order shall be prepared using the form of order that will be provided to counsel by my Courtroom Deputy or law clerks.

8. In the event of any discovery dispute in this action, counsel shall first meet and confer in an effort to resolve the dispute. If counsel are unable to resolve the dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference call with the Court with all counsel involved in the dispute. The Court will endeavor to resolve the dispute without the filing of any discovery motions.

9. The next Case Management Conference is scheduled for 10:00 a.m., April 6, 2020. {NEXT CONFERENCE DATE?}

10. Counsel shall file written status reports discussing the status of discovery and pending or anticipated motion practice in these cases on or before 12:00 noon, April 2, 2020. {STATUS REPORT PROVIDED BEFORE APRIL 6 CONFERENCE}

11. This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend any deadline established by this Order shall be made in a written application not less than five (5) days prior to the expiration of the date sought to be extended.

12. Plaintiff's counsel shall serve a copy of this Order on all counsel, and on the Defendants who have not yet appeared by counsel in these cases.

**IT IS SO ORDERED.**

Dated: February 4, 2020         New York, New York

6

    *Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge