# Exhibit F



123610, Москва
Краснопресненская наб., 12
ЦМТ-2, 7-й подъезд
Тел.: +7 495 967-00-00
Факс: +7 495 967-00-76
e-mail: a-1@a-1.com

28 July 2021

To Whom It May Concern:

Attached is a certified translation of the Russian Court's order dated April 30, 2021 from Russian language into English language by the translator, Dokuchaev Dmitry Igorevich.

Respectfully,

Georgy Shashero




190_28891613

# АРБИТРАЖНЫЙ СУД ГОРОДА МОСКВЫ
115191, г.Москва, ул. Большая Тульская, д. 17
http://www.msk.arbitr.ru

## ОПРЕДЕЛЕНИЕ

г. Москва                                                               Дело № А40-137393/2016-103-157Ф
30 апреля 2021 года
**Резолютивная часть определения объявлена 27 апреля 2021 года**
**В полном объеме определение изготовлено 30 апреля 2021 года**
**Арбитражный суд в составе:**
судьи М.В. Палкиной (единолично),
при ведении протокола судебного заседания секретарем судебного заседания Р.А. Сухих,
рассмотрев заявление финансового управляющего Рожкова Ю.В. на привлечение и оплату услуг лиц для обеспечения деятельности финансового управляющего по реализации имущества должника которое находится за пределами Российской Федерации в рамках дела о несостоятельности (банкротстве) Маркус Ларисы Ивановны (дата рождения: 06.11.1957 г., место рождения: город Москва, адрес регистрации: 123056, г. Москва, ул. Зоологическая, д. 26, корп. 1, кв. 34),

В судебное заседание явились:
от финансового управляющего Маркуса Л.А.: Бондаренко А.А., Егизарян С.Т. по доверенности от 26.03.21., паспорт (лично);
от "АСВ": Казанев И.В. по довер. от 15.01.21., паспорт (лично);
от финансового управляющего: Ивакин И.А. по довер. от 25.01.20., паспорт (лично);
от должника: не явились, извещены.

## УСТАНОВИЛ:

Решением Арбитражного суда города Москвы от 25.05.2017 Маркус Лариса Ивановна признана несостоятельным (банкротом), в отношении неё введена процедура реализации имущества гражданина, финансовым управляющим утверждён Рожков Юрий Владимирович, соответствующие сведения опубликованы в газете «Коммерсантъ» № 98 от 03.06.2017.

Определением Арбитражного суда города Москвы от 25.11.2019 дело № А40-90960/16-103-95, рассматриваемое судьей Гончаренко С.В., передано на рассмотрение судье Палкиной М.В.

В Арбитражный суд города Москвы поступило заявление 04.12.2020 финансового управляющего Рожкова Ю.В. на привлечение и оплату услуг лиц для обеспечения деятельности финансового управляющего по реализации имущества должника которое находится за пределами Российской Федерации для реализации имущества должника,

принадлежащего гражданину должнику Маркус Ларисе Ивановне (дата рождения: 06.11.1957 г., место рождения: город Москва, адрес регистрации: 123056, г. Москва, ул. Зоологическая, д. 26, корп. 1, кв. 34), которое находится за пределами Российской Федерации, привлечь следующих лиц с оплатой их услуг в размере установленном в соглашениях, одобренных собранием кредиторов должника:

для реализации имущества должника, находящегося в США:

- привлечь "АВЕНИР РЕАЛТИ ИНК" (AVENIR REALTY INC), нью-йоркская корпорация, регистрационный номер Государственного департамента штата Нью-Йорк: 5794294, адрес местонахождения для вручения процессуальных документов, указанный в учётных документах Государственного департамента штата Нью-Йорк: 101 Гринвич Стрит, Офис 1202, Нью-Йорк, штат Нью-Йорк 10006 (101 Greenwich Street, Suite 1202, New York, New York 10006) с максимальной суммой оплаты ее услуг не более $2 900 000 (два миллиона девятисот тысяч долларов США), с привлечением компании "Эй-энд-Ай Бродвей Реалти Инк." (A&I Broadway Realty Inc.), её сотрудника Эллиота Богода (Elliot Bogod) в качестве эксклюзивного брокера на срок 6 (шесть) месяцев для рекламирования и продажи Объектов недвижимости, установить размер комиссии брокера не более 6% (шести процентов) от размера выручки от продажи имущества должника.

для реализации имущества должника, находящегося в Европе (Франции и Латвии):

- привлечь компанию "Би-Эй-Джи-Ти Капитал Лтд", корпорацию, действующую в соответствии с законодательством Гибралтара под регистрационным номером 119934, чей зарегистрированный офис находится по адресу: 2 Айриш Таун, GX11 1AA, Гибралтар, Gibraltar, registration number 119934, registered office is at: 2 Irish Town, GX11 1AA Gibraltar) с суммой комиссии, не превышающей эквивалент разницы между суммой $2 900 000 (два миллиона девятьсот тысяч долларов США) и суммой комиссии, выплаченной "АВЕНИР РЕАЛТИ ИНК" (AVENIR REALTY INC) по Соглашению об оказании услуг; с привлечением компании «Бюмон Гудвилл оф Пэрис» (Beaumont Goodwill of Paris), в качестве эксклюзивного брокера на срок 6 (шесть) месяцев для рекламирования и продажи объектов недвижимости во Франции, принадлежащих должнику, установить размер комиссии брокера в 5% (пять процентов) от цены продажи указанного имущества должника.

В судебное заседание не явился должник, извещен судом о времени и месте судебного заседания с соблюдением требований Арбитражного процессуального кодекса Российской Федерации. Суд в порядке ч. 3 ст. 156 АПК РФ проводит судебное заседание в отсутствие должника.

Определением Арбитражного суда города Москвы от 09.03.2021 суд в порядке ст. 51 АПК РФ, привлёк к рассматриваемому спору, в качестве третьих лиц, не заявляющих самостоятельных требований, Маркуса Лазаря Альбертовича и финансового управляющего Маркус Л.А. Крылова Александра Викторовича.

В ходе судебного заседания финансовый управляющий поддержал ходатайство по изложенным нем доводам.

Представитель Маркус Л.А. не возражал против удовлетворения заявления.

В судебном заседании в порядке ст.163 АПК РФ объявлялся перерыв, что отражено в протоколе, информация об объявленном перерыве размещена на сайте Арбитражного суда г. Москвы.

Изучив материалы дела и представленные доказательства в их совокупности, суд посчитал ходатайство финансового управляющего обоснованным и подлежащим удовлетворению по следующим основаниям.

Согласно пункту 1 статьи 20.3 Закона о банкротстве арбитражный управляющий в деле о банкротстве имеет право привлекать для обеспечения возложенных на него обязанностей на договорной основе иных лиц с оплатой их деятельности за счет средств должника, если иное не установлено названным Законом, стандартами и правилами профессиональной деятельности или соглашением арбитражного управляющего с кредиторами.

Из разъяснений, данных в пункте 4 постановления Высшего Арбитражного Суда Российской Федерации от 17.12.2009 № 91 «О порядке погашения расходов по делу о банкротстве» следует, что при рассмотрении вопроса об обоснованности привлечения привлеченного лица суду следует учитывать в том числе, направлено ли такое привлечение на достижение целей процедур банкротства и выполнение возложенных на арбитражного управляющего обязанностей, предусмотренных Законом, насколько велик объем работы, подлежащей выполнению арбитражным управляющим (с учетом количества принадлежащего должнику имущества и места его нахождения), возможно ли выполнение арбитражным управляющим самостоятельно тех функций, для которых привлекается это лицо, необходимы ли для выполнения таких функций специальные познания, имеющиеся у привлеченного лица, или достаточно познаний, имеющихся у управляющего, обладает ли привлеченное лицо необходимой квалификацией.

Арбитражный суд, проверяет и устанавливает совокупность следующих условий: финансовым управляющим доказаны обоснованность привлечения лиц и обоснованность размера оплаты - их услуг, что в конкурсной массе имеется имущество в размере, достаточном для оплаты услуг, и без привлечения названных лиц невозможно достижение предусмотренных законом целей процедуры банкротства.

- имеется согласие гражданина-должника на привлечение лиц для обеспечения деятельности финансового управляющего;

в случае отказа гражданином в предоставлении данного согласия, финансовый управляющий обязан доказать, что должник, отказывая в даче согласия, действует недобросовестно, злоупотребляя правом (до настоящего времени Должник не исполнил обязательство по передачи документов и имущества, подано ходатайство об истребовании документов, имущества, должник уклоняется от получения почтовой корреспонденции).

Согласно ст. 10 ГК РФ не допускаются осуществление гражданских прав исключительно с намерением причинить вред другому лицу, действия в обход закона с противоправной целью, а также иное заведомо недобросовестное осуществление гражданских прав (злоупотребление правом).

Как следует из материалов дела, в ходе инвентаризации имущества должника, управляющим было установлено наличие значительного количества имущества должника, которое находится за пределами РФ.

Финансовый управляющий проанализировав состав и количество имеющегося имущества, которое территориально находится за пределами РФ в разных странах (Франция, Латвия, США), для осуществления финансовым управляющим своих полномочий по реализации этого имущества, входящего в конкурсную массу должника, финансовому управляющему для реализации им мероприятий по наполнению конкурсной массы и обеспечения его деятельности, необходимо с целью оказания финансовому управляющему содействия привлечь специалистов соответствующего профиля, находящихся по месту расположения соответствующих активов должника.

Необходимость привлечения лиц для реализации иностранных активов должника обусловлена наличием у должника значительного перечня недвижимого имущества, находящегося в разных странах (Франция, Латвия, США), в состав которого входят различные виды недвижимого имущества: квартиры, нежилые помещения, прочее имущество.

Для реализации иностранных активов должника имеется безотлагательная необходимость в привлечении иностранных специалистов соответствующего профиля для рекламирования и последующей реализации недвижимого имущества: комиссионера и профессиональных брокеров, находящихся по месту расположения активов должника.

На момент обращения управляющего с настоящим ходатайством собранию кредиторов должника для одобрения управляющим были направлены соглашения об урегулировании претензий по активам должника, находящихся в Европе и США:

Предметом соглашения об урегулировании претензий в отношении активов должника, находящихся в США (Приложение 3), является добровольная передача от должника Маркус

Л.И. всех принадлежащих ей правовых титулов на каждый объект недвижимости, находящийся в прямом или косвенном владении должника, и различных сумм денежных средств, находящихся на счетах, расположенных на территории США, финансовому управляющему Рожкову Ю.В., с урегулированием сторонами соглашения об урегулировании взаимных претензий.

Предметом соглашения об обязательствах и урегулировании претензий по активам должника, находящимся в Европе (Приложение 5), является добровольная передача финансовому управляющему Рожкову Ю.В. таких активов от должника Маркус Л.И. через компанию "Би-Эй-Джи-Ти Капитал Лтд" (BAGT Capital Ltd) - агента, действующего в интересах финансового управляющего Рожкова Ю.В.

Одобрение заключения указанных соглашений собранием кредиторов должника Маркус Л.И. является необходимым условием для их подписания финансовым управляющим с целью организации добровольной передачи активов должника и проведении мероприятий по продаже иностранных активов должника.

Активы должника, находящиеся в США. Суммарная оценочная стоимость активов 10,8 млн. долларов США.

Во исполнение соглашения об урегулировании претензий в отношении активов должника, находящихся в США, между "АВЕНИР РЕАЛТИ ИНК" (AVENIR REALTY PNC), нью-йоркской корпорацией, регистрационный номер Государственного департамента штата Нью-Йорк: 5794294, адрес местонахождения для вручения процессуальных документов, указанный в учётных документах Государственного департамента штата Нью-Йорк: 101 Гринвич Стрит, Офис 1202, Нью-Йорк, штат Нью-Йорк 10006 (101 Greenwich Street, Suite 1202, New York, New York 10006) (далее - "Авенир"), и Рожковым Юрием Владимировичем (регистрационный номер в реестре ПАУ ЦФО - 347, ИНН 771812136226, адрес для направления корреспонденции: 109147, г. Москва, а/я 194), являющемуся финансовым управляющим Маркус Ларисы Ивановны на основании Решения Арбитражного суда г.Москвы от 25 мая 2017г. по делу № А40-90960/16, с одобрения кредиторов было заключено Соглашение об оказании услуг / Services Agreement в отношении услуг, связанных с ликвидацией активов должника, находящихся в США (Приложение 4).

Компания "Авенир" обязуется привлечь компанию "Эй-энд-Ай Бродвей Реалти Инк." (A&I Broadway Realty Inc.), ее сотрудника Эллиота Богода (Elliot Bogod) в качестве эксклюзивного брокера на срок 6 (шесть) месяцев для рекламирования и продажи Объектов недвижимости, при условии, что максимальная комиссия такого брокера, выплачиваемая из выручки от продажи, не превысит 6% (шести процентов).

С учетом положений Соглашения, сумма платежей, подлежащих уплате Ю.В. Рожковым компании "Авенир" на соответствующий момент времени за оказание Услуг компанией

"Авенир", составит сумму в размере 10% (десяти процентов) от каждого перевода (за вычетом любых банковских сборов) чистой выручки от продажи имущества должника финансовому управляющему Ю.В. Рожкову (далее - "платежи за услуги"), за вычетом суммы в размере $100 000 (ста тысяч долларов США), на которую уменьшается сумма первого платежа за услуги (либо, если чистая сумма такого первого платежа за услуги составляет менее $100 000 (ста тысяч долларов США), то на максимально возможную сумму вычета из такого первого платеж за услуги, а оставшаяся сумма вычитается из последующего платежа за услуги (последующих платежей за услуги)).

При этом, совокупная сумма платежей за Услуги, подлежащих уплате компании "Авенир" в связи со всеми переводами выручки, в любом случае не превысит эквивалента 2 900 000 (двух миллионов девятисот тысяч) долларов США.

Активы должника, находящиеся в Европе (Франции и Латвии). Суммарная оценочная стоимость активов 12,36 млн. долларов США.

Во исполнение соглашения об обязательствах и урегулировании претензий по активам должника, находящимся в Европе (Франции и Латвии) между компанией "Би-Эй-Джи-Ти Капитал Лтд", корпорацией, действующей в соответствии с законодательством Гибралтара под регистрационным номером 119934, чей зарегистрированный офис находится

по адресу: 2 Айриш Таун, GX11 1AA, Гибралтар, (Gibraltar, registration number 119934, registered office is at: 2 Irish Town, GX11 1AA Gibraltar) (далее - "компания "Би-Эй-Джи-Ти"") и Рожковым Юрием Владимировичем (регистрационный номер в реестре ПАУ ЦФО - 347, ИНН 771812136226, адрес для направления корреспонденции: 109147, г. Москва, а/я 194), являющимся финансовым управляющим Маркус Ларисы Ивановны на основании Решения Арбитражного суда г.Москвы от 25 мая 2017г. по делу № А40-90960/16, с одобрения кредиторов должника заключен договор поручения и ответственного хранения / Agency and Custodianship Agreement (Приложение 6) с целью назначить компанию "Би-Эй-Джи-Ти" агентом и ответственным хранителем, действующим от лица Рожкова Ю.В. для приобретения и удержания от лица Рожкова Ю.В. правового титула на ряд неденежных активов Маркус Л.И., для последующей реализации этих активов и перевода в состав конкурсной массы Маркус Л.И. чистых денежных поступлений от реализации указанных активов.

Компания "Би-Эй-Джи-Ти Капитал Лтд" обязуется привлечь брокера на срок 6 (шесть) месяцев для рекламирования и продажи объектов недвижимости с уплатой такому брокеру комиссии в размере 5% (пяти процентов) от цены продажи.

Размер комиссии, причитающейся компании "Би-Эй-Джи-Ти" от Рожкова в качестве вознаграждения, составляет сумму, равную 10% (десяти процентам) от суммы каждого перевода поступлений от ликвидации активов (за вычетом любых банковских сборов) Ю.В. Рожкову как финансовому управляющему Л.И. Маркус.

Совокупная сумма комиссий, которые могут причитаться компании "Би-Эй-Джи-Ти" по сумме всех переводов от поступлений чистой выручки от продажи, в любом случае не может превышать эквивалент разницы между суммой 2 900 000 (два миллиона девятьсот тысяч) долларов США и суммой комиссии, выплаченной "АВЕНИР РЕАЛТИ ИНК" (AVENIR REALTY INC) по Соглашению об оказании услуг.

Частью 6 ст.213.9 ФЗ О несостоятельности, установлено, что финансовый управляющий вправе привлекать за счет имущества должника других лиц в целях обеспечения осуществления своих полномочий только на основании определения арбитражного суда, рассматривающего дело о банкротстве гражданина. Арбитражный суд выносит определение о привлечении других лиц и об установлении размера оплаты их услуг по ходатайству финансового управляющего при условии, что финансовым управляющим доказаны обоснованность их привлечения и обоснованность размера оплаты их услуг, а также при согласии гражданина.

В силу пункта 21 Постановления Пленума Верховного Суда РФ от 13.10.2015 N 45 "О некоторых вопросах, связанных с введением в действие процедур, применяемых в делах о несостоятельности (банкротстве) граждан" установлено, что при проведении процедур в делах о банкротстве граждан, в том числе индивидуальных предпринимателей, финансовый управляющий вправе привлекать других лиц для обеспечения своей деятельности только на основании определения суда, рассматривающего дело о банкротстве. Такое определение выносится судом по ходатайству финансового управляющего при условии, что финансовым управляющим доказаны необходимость привлечения указанных лиц, обоснована цена их услуг и должником, конкурсным кредитором или уполномоченным органом дано согласие на оплату этих услуг (пункт 6 статьи 213.9 Закона о банкротстве). Согласие на оплату услуг таких лиц может быть также дано финансовым управляющим от своего имени.

Если согласие на оплату услуг привлеченных лиц дано должником, соответствующие расходы относятся на должника. Если согласие на оплату таких услуг дано конкурсным кредитором, уполномоченным органом или финансовым управляющим, то расходы, понесенные этими лицами, по смыслу пункта 5 статьи 213.5 Закона о банкротстве, не подлежат возмещению за счет должника.

Суд вправе разрешить финансовому управляющему привлечь указанных лиц с оплатой их услуг за счет конкурсной массы, если финансовым управляющим будет доказано, что в конкурсной массе имеется имущество в размере, достаточном для оплаты услуг, и без привлечения названных лиц невозможно достижение предусмотренных законом целей процедуры банкротства (например, оплата услуг, связанных с проведением кадастрового

учета земельного участка должника, обязательного для регистрации прав на этот участок и его реализации в целях проведения расчетов с кредиторами), а должник, отказывая в даче согласия, действует недобросовестно, злоупотребляя правом (статьи 1, 10 ГК РФ).

С учетом вышеизложенного, учитывая специфику документооборота, наличие большого количества объектов имущества, находящегося за рубежом РФ, а также отсутствия у финансового управляющего необходимых специальных знаний в области иностранного права и процесса рекламирования и реализации имущества должника, а также необходимых профессиональных допусков к такой деятельности, принятых в иностранных государствах, имеется безотлагательная необходимость в привлечении иностранных специалистов соответствующего профиля для реализации недвижимого имущества, которое находится за пределами РФ.

Без привлечения указанных лиц невозможно достижение предусмотренных законом целей процедуры банкротства реализации имущества должника, находящегося за пределами РФ.

Имеющегося у должника имущества достаточно для оплаты услуг привлеченных лиц в размере, не превышающем рыночный размер стоимости оказания подобных услуг в месте их оказания.

По мнению суда, стоимость является обоснованной, поскольку: 1. цена услуг соразмерна ожидаемому результату и объему услуг; 2. стоимость соответствует рыночной стоимости подобных услуг в регионе, 3. стоимость услуг привлеченных специалистов не превышает установленные законом лимиты.

Руководствуясь статьями 20.7, 32, 60, 61, 129, 131, 138, 139 Федерального закона «О несостоятельности (банкротстве)», 13, 176, 184, 185, 223 Арбитражного процессуального кодекса Российской Федерации, суд

## ОПРЕДЕЛИЛ:

Заявление финансового управляющего удовлетворить.

Разрешить финансовому управляющему привлечь для обеспечения деятельности арбитражного управляющего в деле о банкротстве Маркус Ларисы Ивановны специалистов:

-"АВЕНИР РЕАЛТИ ИНК" (AVENIR REALTY INC), нью-йоркская корпорация, регистрационный номер Государственного департамента штата Нью-Йорк: 5794294, адрес местонахождения для вручения процессуальных документов, указанный в учётных документах Государственного департамента штата Нью-Йорк: 101 Гринвич Стрит, Офис 1202, Нью-Йорк, штат Нью-Йорк 10006 (101 Greenwich Street, Suite 1202, New York, New York 10006) с максимальной суммой оплаты ее услуг не более $2 900 000 (два миллиона девятисот тысяч долларов США), с привлечением компании "Эй-энд-Ай Бродвей Реалти Инк." (A&I Broadway Realty Inc.), её сотрудника Эллиота Богода (Elliot Bogod) в качестве эксклюзивного брокера на срок 6 (шесть) месяцев для рекламирования и продажи Объектов недвижимости, установить размер комиссии брокера не более 6% (шести процентов) от размера выручки от продажи имущества должника.

для реализации имущества должника, находящегося в Европе (Франции и Латвии):

- компанию "Би-Эй-Джи-Ти Капитал Лтд", корпорацию, действующую в соответствии с законодательством Гибралтара под регистрационным номером 119934, чей зарегистрированный офис находится по адресу: 2 Айриш Таун, GX11 1AA, Гибралтар, Gibraltar, registration number 119934, registered office is at: 2 Irish Town, GX11 1AA Gibraltar) с суммой комиссии, не превышающей эквивалент разницы между суммой $2 900 000 (два миллиона девятьсот тысяч долларов США) и суммой комиссии, выплаченной "АВЕНИР РЕАЛТИ ИНК" (AVENIR REALTY INC) по Соглашению об оказании услуг; с привлечением компании «Бюмон Гудвилл оф Пэрис» (Beaumont Goodwill of Paris), в качестве эксклюзивного брокера на срок 6 (шесть) месяцев для рекламирования и продажи объектов недвижимости во Франции, принадлежащих должнику, установить размер комиссии брокера в 5% (пять процентов) от цены продажи указанного имущества должника.

Определение подлежит немедленному исполнению и может быть обжаловано в арбитражный суд апелляционной инстанции (Девятый арбитражный апелляционный суд) в десятидневный срок со дня принятия.

Судья:                                                                                                          М.В. Палкина

*Перевод с русского языка на английский язык*
*Translated from Russian into English*

190_28891613




14020010713838



## COMMERCIAL COURT OF THE CITY OF MOSCOW
17, Bolshaya Tulskaya str., Moscow, 115191 http://www.msk.arbitr.ru
### RULING

**Moscow**             **Case No. A40-137393/2016-103-157F**
**April 30, 2021**
**The operative part of the ruling was announced on April 27, 2021**
**The ruling was prepared in full on April 30, 2021**
**The Commercial Court consisting of:**
judge M.V. Palkina (sitting alone),
with records of the court session kept by the court session secretary R.A. Sukhikh, having considered application of the financial manager Yu.V. Rozhkov for engaging and paying for the services of the persons to ensure the activities of the financial manager for sale of the debtor's property located outside the Russian Federation in the framework of insolvency (bankruptcy) case of Larisa Ivanovna Markus (date of birth: 06.11.1957, place of birth: Moscow, registration address: 26 Zoologicheskaya str., bldg. 1, apt. 34, Moscow, 123056),
The following persons appeared in the court hearing:
on behalf of the financial manager of L.A. Markus: A.A. Bondarenko, S.T. Egizaryan, acting under a
power of attorney dated 26.03.2021, who produced their passports (personally);
on behalf of DIA (Deposit Insurance Agency): I.V. Kazanev, acting under a PoA dated 15.01.2021, who produced his passport (personally);
on behalf of the financial manager: I.A. Ivakin, acting under a PoA dated 25.01.2020, who produced his passport (personally);
on behalf of the debtor: failed to appear, notified,

### HAS FOUND AS FOLLOWS:

By the award of the Commercial Court of the city of Moscow dated 25.05.2017, Larisa Ivanovna Markus was declared insolvent (bankrupt), the procedure for sale of a citizen's property was introduced against her, Yurii Vladimirovich Rozhkov was approved as her financial manager, the relevant information was published in the newspaper Kommersant No. 98 dated 03.06.2017.
By the ruling of the Commercial Court of the city of Moscow dated 25.11.2019, case No. A40-90960/16-103-95 considered by judge S.V. Goncharenko was referred for consideration to judge M.V. Palkina.
On 04.12.2020, the Commercial Court of the city of Moscow received an application from the financial manager Yu.V. Rozhkov for engaging and paying for the services of the persons to ensure the activities of the financial manager for sale of the debtor's property located outside the Russian Federation to sell the debtor's property belonging to Larisa Ivanovna Markus (date of birth: 06.11.1957, place of birth: Moscow, registration address: 26 Zoologicheskaya str., bldg. 1, apt. 34, Moscow, 123056), located outside the Russian Federation, to engage the following persons, subject to payment for their services in the amount established in the agreements approved by the debtor's creditors meeting:

For sale of the debtor's property located in the United States:
- To engage AVENIR REALTY INC, a New York corporation, registration number of the New York State Department of State: 5794294, service address specified in the records of the New York State Department of State: 101 Greenwich Street, Suite 1202, New York, New York 10006, with a maximum amount of its professional fees of two million nine hundred thousand US dollars ($2,900,000), with involvement of A&I Broadway Realty Inc. and its employee Elliot Bogod as an exclusive broker for a period of six (6) months for advertising and sale of Property, to set the brokerage commission fee to not exceed six percent (6%) of the proceeds from sale of the debtor's property.

For the sale of the debtor's property located in Europe (France and Latvia):
- To engage BAGT Capital Ltd, a corporation existing in accordance with the laws of Gibraltar under registration number 119934, whose registered office is located at 2 Irish Town, GX11 1AA Gibraltar, with the commission fee amount not exceeding the equivalent of the difference between the amount of two million nine hundred thousand US dollars ($2,900,000) and the amount of the commission fee paid to AVENIR REALTY INC under the Service Agreement; with the involvement of Beaumont Goodwill of Paris as an exclusive broker for a period of six (6) months for advertising and selling property owned by the debtor in France, to set the brokerage commission fee to be equal to five percent (5%) of the selling price of the above mentioned property of the debtor.

The debtor failed to appear at the court session, was notified by the court about the time and place of the court session in compliance with the requirements of the Code of Commercial Procedure of the Russian Federation (CCP RF). The court, in accordance with Part 3 of Article 156 of the CCP RF, holds a court session in the absence of the debtor.

By the ruling of the Commercial Court of the city of Moscow dated 09.03.2021, the court, in accordance with Article 51 of the CCP RF, brought Lazar Albertovich Markus and the financial manager of L.A. Markus, Aleksandr Viktorovich Krylov, into the dispute under consideration as non-party intervenors.

During the court session, the financial manager supported the petition on the basis of the arguments set out therein.

Representative of L.A. Markus did not object to the satisfaction of the application.

The court session was adjourned in accordance with Article 163 of the CCP RF, which is reflected in the court records; information about the announced adjournment is placed on the website of the Commercial Court of the city of Moscow.

Having examined the case files and the produced evidence in the aggregate, the court considered the financial manager's application to be justified and subject to satisfaction on the following grounds.

According to item 1, Article 20.3 of the Bankruptcy Law, the arbitration manager in a bankruptcy case has the right to engage other persons to ensure the performance of duties assigned to him on a contractual basis, subject to payment for their activities at the expense of the debtor, unless otherwise established by the said Law, standards and rules of professional activity or an agreement of the arbitration manager with creditors.

As follows from the explanations given in paragraph 4 of resolution of the Supreme Commercial Court of the Russian Federation dated 17.12.2009 No. 91 "On the Procedure for Paying Expenses in a Bankruptcy Case", when considering the issue of the validity of involvement of the involved person, the court should take into account, inter alia, whether such involvement is aimed at achieving the goals of bankruptcy procedures and at fulfilling the duties assigned to the arbitration manager provided for by the Law, how large the amount of work to be performed by the arbitration manager is (taking into account the amount of property owned by the debtor and its location), whether it is possible for the arbitration manager to perform independently the functions for which this person is involved, whether special knowledge of the involved person is required to perform such functions, or the knowledge of the manager is sufficient, and whether the involved person has the necessary qualifications.

The commercial court verifies and establishes a set of the following conditions: the financial manager has proved the validity of involving the persons and the expediency of the amount of payment for their services, that there is property in the bankruptcy estate in the amount sufficient to pay for the services and that it is impossible to achieve the goals of the bankruptcy procedure provided for by law without involving these persons.

- There is a consent of the debtor to involve the persons assisting the activities of the financial manager;

If a debtor refuses to provide this consent, the financial manager is obliged to prove that the debtor, when refusing to give his consent, is acting in bad faith, abusing his right (to date, the Debtor has not fulfilled the obligation to transfer documents and property, an application has been filed to reclaim documents and property from him, the debtor evades receiving mail correspondence).

By virtue of Art. 10 of the CC RF (Civil Code of the Russian Federation), the exercise of civil rights solely with the intent to harm another person, actions that circumvent the law for an illegal purpose, as well as other deliberately unfair exercise of civil rights (abuse of the right) are not allowed.

As follows from the case files, during the inventory of the debtor's property, the manager established the existence of a significant amount of the debtor's property located outside the Russian Federation.

The financial manager, having analyzed the composition and the amount of the existing property located geographically outside the Russian Federation in different countries (France, Latvia, USA), in order for the financial manager to exercise his powers to sell this property that is part of the debtor's bankruptcy estate, [has established that] the financial manager needs to involve specialists with the appropriate skills acting in the territory of the location of the debtor's relevant assets in order to implement measures to form the bankruptcy estate and to ensure the performance of his activities.

The need to involve persons to sell the debtor's foreign assets is due to the existence of a significant list of real property located in different countries (France, Latvia, the USA), which includes various types of real property: apartments, non-residential premises, other property.

To sell the debtor's foreign assets, there is an urgent need to involve foreign experts, i.e. a commission agent and professional brokers performing their activities at the place of location of the debtor's assets, with the relevant skills for advertising and subsequent sale of real property.

At the time of filing of this application by the manager, agreements on the settlement of claims using the debtor's assets located in Europe and the USA were sent to the debtor's creditors' meeting for approval by the manager:

The subject of the agreement on the settlement of claims in respect of the debtor's assets located in the United States (Annex 3) is voluntary transfer from the debtor L.I. Markus of all legal titles belonging to her for each property item owned, directly or indirectly, by the debtor and of various amounts of funds held in the accounts in the USA to the financial manager Yu.V. Rozhkov, with the settlement by the parties under a mutual claims settlement agreement.

The subject of the agreement on obligations and settlement of claims using the debtor's assets located in Europe (Annex 5) is voluntary transfer of such assets to the financial manager Yu.V. Rozhkov from the debtor L.I. Markus via BAGT Capital Ltd, an agent acting in the interests of the financial manager Yu.V. Rozhkov.

Approval of the execution of these agreements by the meeting of creditors of the debtor L.I. Markus is a necessary condition for their signing by the financial manager in order to organize the voluntary transfer of the debtor's assets and to implement measures for sale of the debtor's foreign assets.

The debtor's assets located in the USA. The total estimated value of assets is 10.8 mln US dollars.

Pursuant to the agreement on the settlement of claims in respect of the debtor's assets located in the USA, AVENIR REALTY INC, a New York corporation, registration number of the New York State Department of State: 5794294, service address specified in the records of the New York State Department of State: 101 Greenwich Street, Suite 1202, New York, New York 10006 (hereinafter referred to as "Avenir"), and Yurii Vladimirovich Rozhkov (registration number in the register of PAU (Self-Regulating Organization of Arbitration Managers) of the Central Federal District - 347, INN (Taxpayer Identification Number) 771812136226, correspondence address: 109147, Moscow, P.O. Box 194), the financial manager of Larisa Ivanovna Markus on the basis of the Award of the Commercial Court of the city of Moscow dated May 25, 2017 in case No. A40-90960/16, executed a Services Agreement with the approval of creditors in respect of the services related to liquidation of the debtor's assets located in the USA (Annex 4).

Avenir undertakes to engage A&I Broadway Realty Inc. and its employee Elliot Bogod as an exclusive broker for a period of six (6) months to advertise and sell the Property, provided that the maximum commission fee of such a broker paid from the proceeds from the sale will not exceed six percent (6%).

Subject to the provisions of the Agreement, the amount of payments to be made by Yu.V. Rozhkov to Avenir in due course for the provision of Services by

Avenir will amount to ten percent (10%) of each transfer (minus any bank charges) of the net proceeds from the sale of the debtor's property payable to the financial manager Yu.V. Rozhkov (hereinafter referred to as "payments for the services"), less the amount of one hundred thousand US dollars ($100,000), by which the amount of the first payment for the services shall be reduced (or, if the net amount of such first payment for the services is less than one hundred thousand US dollars ($100,000), then by the maximum possible amount of deduction from such first payment for the services, and the remaining amount shall be deducted from subsequent payment(s) for services.

At the same time, the total amount of payments for the Services to be made to Avenir in connection with all revenue transfers shall not in any case exceed the equivalent of two million nine hundred thousand (2,900,000) US dollars.

The debtor's assets located in Europe (France and Latvia). The total estimated value of assets is US $ 12.36 mln.

Pursuant to the agreement on obligations and settlement of claims in respect of the debtor's assets located in Europe (France and Latvia), BAGT Capital Ltd, a corporation existing in accordance with the laws of Gibraltar under registration number 119934, whose registered office is located at 2 Irish Town, GX11 1AA Gibraltar (hereinafter referred to as "BAGT"), and Yurii Vladimirovich Rozhkov (registration number in the register of PAU of the Central Federal District - 347, INN 771812136226, correspondence address: 109147, Moscow, P.O. Box 194), the financial manager of Larisa Ivanovna Markus on the basis of the Award of the Commercial Court of the city of Moscow dated May 25, 2017 in case No. A40-90960/16, executed an Agency and Custody Agreement (Appendix 6) with the approval of the debtor's creditors in order to appoint BAGT as an agent and responsible custodian acting on behalf of Yu.V. Rozhkov for the acquisition and retention on behalf of Yu.V. Rozhkov of the legal title to a number of non-monetary assets of L.I. Markus for subsequent sale of these assets and transfer of net cash proceeds from the sale of these assets to L.I. Markus's bankruptcy estate.

BAGT Capital Ltd undertakes to engage a broker for a period of six (6) months to advertise and sell property, subject to payment of a commission fee to such a broker equal to five percent (5%) of the sale price.

The amount of the commission fee payable to BAGT from Rozhkov as remuneration equals to an amount of ten percent (10%) of each transfer of the proceeds from liquidation of assets (minus any bank commission fees) to Yu.V. Rozhkov as the financial manager of L.I. Markus.

The total amount of commission fees that may be owed to BAGT for the amount of all transfers from the proceeds of net sales proceeds cannot in any case exceed the equivalent of the difference between the amount of two million nine hundred thousand (2,900,000) US dollars and the amount of the commission fee paid to AVENIR REALTY INC. under the Service Agreement.

Part 6, Article 213.9 of the Federal Law "On Insolvency" establishes that the financial manager has the right to involve other persons at the expense of the debtor's property in order to ensure the exercise of his powers only on the basis of a ruling of the commercial court considering the citizen's bankruptcy case. The commercial court issues a ruling on involvement of other persons and on the establishment of the amount of payment for their services at the request of the financial manager, provided that the financial manager has proved the validity of their involvement and the validity of the amount of payment for their services, as well as provided that a consent of the citizen has been given.

By virtue of paragraph 21 of Resolution of the Plenum of the Supreme Court of the Russian Federation dated 13.10.2015 No. 45 "On Certain Issues Related to Introduction of the Procedures Applied in Cases of Insolvency (Bankruptcy) of Citizens", it is established that when conducting procedures in cases of bankruptcy of citizens, including individual entrepreneurs, the financial manager has the right to involve other persons to ensure the performance of his activities only on the basis of a ruling of the court considering the bankruptcy case. Such a ruling is issued by the court on the application of the financial manager, provided that the financial manager has proved the need to involve these persons, the price of their services has been justified and the debtor, the bankruptcy creditor or the authorized body has agreed to pay for these services (item 6, Article 213.9 of the Bankruptcy Law). The consent to pay for the services of such persons may also be given by the financial manager on his own behalf.

If the consent to pay for the services of the involved persons is given by the debtor, the relevant expenses are charged from the debtor. If the consent to pay for such services is given by a bankruptcy creditor, an authorized body or a financial manager, then the expenses incurred by these persons, within the meaning of item 5, Article 213.5 of the Bankruptcy Law, are not subject to compensation at the expense of the debtor.

The court has the right to allow the financial manager to involve the above persons, subject to payment for their services at the expense of the bankruptcy estate, if the financial manager proves that there is property in the bankruptcy estate in the amount sufficient to pay for the services and it is impossible to achieve the goals of the bankruptcy procedure provided for by law without involving these persons (e.g., payment for the services related to cadastral registration of the debtor's land plot mandatory for registration of title to this land plot and its sale for the purpose of settlements with creditors), and the debtor, when refusing to give his consent, acts in bad faith, abusing the right (Articles 1, 10 of the CC RF (Civil Code of the Russian Federation)).

In view of the above, taking into account the specifics of the document flow, the existence of a large number of property items located outside the Russian Federation, as well as the lack of the financial manager's special knowledge required in the field of foreign law and in respect of the process of advertising and sale of the debtor's property, as well as lack of the necessary professional permits for such activities adopted in foreign countries, there is an urgent need to involve foreign experts with the relevant skills for sale of property located outside the Russian Federation.

Without the involvement of the above persons, it is impossible to achieve the goals of the bankruptcy procedure provided for by law for sale of the debtor's property located outside the Russian Federation.

Property owned by the debtor is sufficient to pay for the services of the involved persons in an amount not exceeding the market value of the cost of rendering such services at the place of their rendering.

In the opinion of the court, the cost is reasonable, since: 1. the price of the services is proportional to the expected result and the volume of the services; 2. the cost corresponds to the market value of such services in the region, 3. the cost of the services of the involved experts does not exceed the limits established by law.

Guided by Articles 20.7, 32, 60, 61, 129, 131, 138, 139 of Federal Law "On Insolvency (Bankruptcy)", Articles 13, 176, 184, 185, 223 of the Code of Commercial Procedure of the Russian Federation, the court

## HAS RULED AS FOLLOWS:

To satisfy the application of the financial manager.

To allow the financial manager to involve the following experts to ensure the performance of activities of the arbitration manager in the bankruptcy case of Larisa Ivanovna Markus: -AVENIR REALTY INC, a New York corporation, registration number of the New York State Department of State: 5794294, service address specified in the records of the New York State Department of State: 101 Greenwich Street, Suite 1202, New York, New York 10006, with the maximum amount of payment for its services up to two million nine hundred thousand US dollars ($2,900,000), with the involvement of A&I Broadway Realty Inc. and its employee Elliot Bogod as an exclusive broker for a period of six (6) months for advertising and sale of property, to set the brokerage commission fee equal to no more than six percent (6%) of the proceeds from sale of the debtor's property.

For the sale of the debtor's property located in Europe (France and Latvia):

- BAGT Capital Ltd, a corporation existing in accordance with the laws of Gibraltar under registration number 119934, whose registered office is located at 2 Irish Town, GX11 1AA Gibraltar, with the commission fee amount not exceeding the equivalent of the difference between the amount of two million nine hundred thousand US dollars ($2,900,000) and the amount of the commission fee paid to AVENIR REALTY INC under the Service Agreement; with the involvement of Beaumont Goodwill of Paris as an exclusive broker for a period of six (6) months for advertising and selling property owned by the debtor in France, to set the brokerage commission fee to be equal to five percent (5%) of the selling price of the above mentioned property of the debtor.

The ruling is subject to immediate execution and may be appealed to the Commercial Court of Appeal (the Ninth Commercial Court of Appeal) within ten days from the date of its adoption.

**Judge:**                                                                                                       **M.V. Palkina**

*Перевод данного текста сделан мной, переводчиком Докучаевым Дмитрием Игоревичем.*

_/signature/_

*The translation of this text was performed by me, the translator Dokuchaev Dmitry Igorevich.*

_/signature/_

| Российская Федерация | The Russian Federation |
|---|---|
| Город Москва | The city of Moscow |
| Шестнадцатого июля две тысячи двадцать первого года | 16.07.2021 |
| Я, Родина Ульяна Алексеевна, временно исполняющая обязанности нотариуса города Москвы Корсика Владимира Константиновича, свидетельствую подлинность подписи переводчика Докучаева Дмитрия Игоревича. Подпись сделана в моем присутствии. Личность подписавшего документ установлена. | I, Rodina Ulyana Alekseevna, deputy notary of the city of Moscow for Korsik Vladimir Konstantinovich, certify the authenticity of signature, made by the translator Dokuchaev Dmitry Igorevich. The signature was made in my presence. His identity is established. |
| Зарегистрировано в реестре: № 77/2138-н/77-2021-_53-702_ Уплачено за совершение нотариального действия: 400 руб. 00 коп. | It is registered in the register under № 77/2138-н/77-2021- Paid for the performance of a notarial act. 400 rubles 00 kop. |

_/signature/_   U.A. Rodina

**Seal: Notary Korsik V.K.**
**Notarial district of c. Moscow**
**ITN 770474847174 ***

*Stitched up, numbered and sealed (14) pages*
*Deputy notary* _/signature/_

**Seal: Notary Korsik V.K.**
**Notarial district of c. Moscow**
**ITN 770474847174 ***

Всего прошнуровано, пронумеровано и скреплено Печатью (14) лист(а)(ов)

ВРИО Нотариуса  /signature/