# Exhibit G

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 15 |
| | ) |
| Shanghai Huaxin Group (Hongkong) Limited (In Liquidation), | ) Case No. 19-11482 (JLG) |
| | ) |
| Debtor in a Foreign Proceeding. | ) |

**ORDER PURSUANT TO SECTION 1521(A)(7) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF THE CORCORAN GROUP AS REAL ESTATE BROKER *NUNC PRO TUNC* TO OCTOBER 16, 2019**

Upon consideration of the *Notice of Presentment of Application for Entry of an Order Authorizing the Employment and Retention of The Corcoran Group as Real Estate Broker Nunc Pro Tunc to October 16, 2019 and for Related Relief*; and the Court having considered and reviewed the application (the "Application")[1] of the Petitioner for entry of an order (this "Order") under section 1521(a)(7) of the Bankruptcy Code: (a) authorizing the employment and retention of The Corcoran Group ("Corcoran") as real estate broker for the sale of the Property *nunc pro tunc* to October 16, 2019, (b) approving the terms of the employment and retention, including the fee structure, set forth in the exclusive listing agreement dated October 16, 2019 (the "Listing Agreement") between Corcoran and the Petitioner (c) authorizing payment of the fees set forth in the Listing Agreement from the proceeds of sale upon closing of the sale of the Property without further Court approval, (d) waiving compliance with the information requirements relating to compensation requests as set forth in the Fee Guidelines, and (e) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the Amended Standing Order of

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Application.

Reference; and this Court having found that it may enter final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. § 1410(1); it appearing to the Court that Corcoran has no adverse interest to the Debtor or its estate and that Corcoran is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtor's estates, its creditors and other parties in interest; and this Court having found that the Petitioner's provision of notice of the Application and opportunity for a hearing on the Application were appropriate in the circumstances and that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing established just cause of the relief granted herein; it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein, *nunc pro tunc* to October 16, 2019.

2. The Petitioner is authorized to employ and retain Corcoran as real estate broker for the Debtor *nunc pro tunc* to October 16, 2019, on the terms and conditions set forth in the Application and the Listing Agreement. Corcoran is hereby authorized to act as agent for the Petitioner in relation to the marketing and sale of the Property, and to exercise all powers and rights that the Petitioner has with respect to the Property for the purpose of marketing and selling the Property, including, but not limited to, gaining access to the Property and representing the Petitioner in all relevant dealings with local government authorities for the purposes of effecting the sale.

3. All of Corcoran's fees and other compensation set forth in the Listing Agreement (the "Fees") are approved.

4. The Petitioner is authorized to pay the Fees (approved under paragraph 3 of this Order) from the proceeds of sale upon closing of the sale of the Property without any further application to, or approval by, the Court.

5. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Fee Guidelines and any order of this Court, Corcoran and its professionals shall be excused from: (a) any requirement to file any fee application in respect of the Fees, (b) any requirement to maintain or provide detailed time records for the services rendered by Corcoran or its professionals under or pursuant to the Listing Agreement ("Services"), and (c) any other information requirements relating to compensation requests set forth in the Fee Guidelines.

6. Notice of the Application as provided therein is deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the local rules of this Court are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Petitioner and Corcoran are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application. To the extent this Order is inconsistent with the Listing Agreement, the terms of this Order shall govern.

9. With respect to controversies or claims arising out of or in any way related to the Services or the Listing Agreement, notwithstanding any arbitration, dispute resolution or exclusive jurisdiction provisions contained in the Listing Agreement, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the

implementation, interpretation and enforcement of this Order and any dispute arising under

the Listing Agreement.

Dated: December 18, 2019
      New York, New York

                                  /s/ *James L. Garrity, Jr.*
                              HONORABLE JAMES L. GARRITY, JR.
                              UNITED STATES BANKRUPTCY JUDGE