HERRICK, FEINSTEIN LLP
Stephen B. Selbst
George V. Utlik
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
sselbst@herrick.com
gutlik@herrick.com

*Attorneys for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re:

    **LARISA MARKUS**,

    Debtor in a Foreign Proceeding.

Chapter 15

Case No. 19-10096 (MG)

------------------------------------------------------------x

In re:

    **FOREIGN ECONOMIC INDUSTRIAL BANK LIMITED**, **"VNESHPROMBANK" LTD.**,

    Debtor in a Foreign Proceeding.

Chapter 15

Case No. 16-13534 (MG)

------------------------------------------------------------x

**YURI ROZHKOV AND THE STATE CORPORATION "DEPOSIT INSURANCE AGENCY,"**

    Plaintiffs,

    v.

**LARMAR FOUNDATION; ILYA BYKOV; BG ATLANTIC, INC.; LM REALTY 31B, LLC; LM REALTY 27D, LLC; LM REALTY 24C, LLC; LM REALTY 23H, LLC; LM REALTY 20A, LLC; LM REALTY 18 WEST, LLC; LM REALTY 10C, LLC; LM PROPERTY MANAGEMENT LLC; INNOVATIVE**

Adv. Pro. Case No. 19-01413 (MG)

1

| | | |
|---|---|---|
| **CONSTRUCTION GROUP, INC.; FIRST INTEGRATED CONSTRUCTION, INC.; AND LARISA MARKUS,** | | |
| Defendants. | | |

------------------------------------------------------------x

| | | |
|---|---|---|
| **YURI ROZHKOV AND THE STATE CORPORATION "DEPOSIT INSURANCE AGENCY,"** | | |
| | | Adv. Pro. Case No. 19-01414 (MG) |
| Plaintiffs, | | |
| v. | | |
| **LARMAR FOUNDATION; ILYA BYKOV; BG ATLANTIC, INC.; LM REALTY 31B, LLC; LM REALTY 27D, LLC; LM REALTY 24C, LLC; LM REALTY 23H, LLC; LM REALTY 20A, LLC; LM REALTY 18 WEST, LLC; LM REALTY 10C, LLC; LM PROPERTY MANAGEMENT LLC; INNOVATIVE CONSTRUCTION GROUP, INC.; FIRST INTEGRATED CONSTRUCTION, INC.; AND LARISA MARKUS,** | | |
| Defendants. | | |

------------------------------------------------------------x

## DECLARATION OF ILYA BYKOV

ILYA BYKOV hereby declares as follows:

    1.    I am a Director of First Integrated Construction, Inc.; a Director of Innovative Construction Group, Inc. ("Innovative Construction Group[1]"); a Manager of LM Property Management, LLC ("Property Management LLC"); a Manager of LM Realty 10C, LLC ("10C LLC"); a Manager of LM Realty 18 West, LLC ("18 West LLC"); a Manager of LM Realty 23H

---

[1] Capitalized terms herein shall have the same meaning as in the Foreign Representative's Motion for Approval of the U.S. Settlement Agreement and related Services Agreement (the "Motion-In-Chief"), the U.S. Settlement Agreement (as defined below and in the Motion-In-Chief), and the Services Agreement (as defined below and in the Motion-In-Chief) unless otherwise excepted.

HF 13907312v.5

("23H LLC"); a Manager of LM Realty 24C, LLC ("24C LLC"); a Manager of LM Realty 27D, LLC ("27D LLC"); a Manager of LM Realty 31B, LLC ("31B LLC"); a Manager of 550 Park Avenue LLC ("550 Park Avenue LLC"); and a Protector of the Larmar Foundation ("LARMAR"). I am also the President of Protax Services Inc. a/k/a Protax Services Corp ("Protax Services") and Protax Services Consulting, Inc. ("Protax Consulting").

2.      I respectfully submit this declaration in support of the Foreign Representative's motion seeking approval of the settlement agreement among Markus; the Markus FR; the Bank FR; Bykov; LARMAR; the LM Entities; the Protax Entities; and BG Atlantic (the "U.S. Settlement Agreement") and related Services Agreement between the Markus FR and Avenir Realty Inc. ("Avenir") (the "Services Agreement"). I am the President and sole shareholder of Avenir.

3.      As set forth in the Services Agreement, Avenir is to, *inter alia*, manage and market the Properties for sale, to the extent they have not already been sold. As defined in the Services Agreement, the Properties include the properties having an address of 50 Riverside Boulevard, Apartment 10C, New York, New York 10069 (the "10C Property"); 40 Broad Street, Apartment 23H, New York, New York 10004 (the "23H Property"); 10 West End Avenue, Apartment 31B, New York, New York 10023 (the "31B Property"); and 10 West End Avenue, Apartment 31C, New York, New York 10023 (the "31C Property"). See Exhibit C § 3.2. Pursuant to the Services

HF 13907312v.5

Agreement, Avenir also has certain responsibilities regarding the administration and subsequent dissolution of the Companies[2] (Exhibit C, §§ 3.3-3.4)[3].

4. Avenir is an entity which was created for the express purpose of managing, marketing, and selling the Properties and administering and dissolving the Companies post-settlement. There was a desire among all parties to the U.S. Settlement Agreement to have such services performed through a separate entity following the approval of the settlement.

5. For the services performed pursuant to the Services Agreement, Avenir is to receive Service Charges not to exceed an aggregate amount of $2,900,000.00 (Exhibit C § 4).[4] The terms pursuant to which such Service Charges are incurred and paid are set forth in detail in the Services Agreement. (Exhibit C § 4).

6. In my capacity as the Manager of the respective LM Entities, I have managed the Properties and the Companies. I have also been instrumental in the marketing and sale of the Properties. As of the date hereof, the 10C Property and the 31C Property have been sold with the express permission of this Court. Also, the Foreign Representative's motion for authority to sell the 23H Property has been granted.

7. Operating through various entities, I have more than over 20 years of experience managing properties in New York City and have managed approximately 100 condominium units

---

[2] As defined in the Services Agreement, the Companies include 550 Park Avenue LLC; Property Management LLC; 10C LLC; 23H LLC; and 31B LLC.

[3] As set forth in the Motion-In-Chief, the documents which make up the settlement are voluminous and are part of an over year-long negotiation by and between the parties and their respective counsel. It is respectfully submitted that it is simply not possible to set forth all of the details and carefully negotiated nuances of the settlement in this declaration nor is it the intention to do so. Nothing in this declaration shall be deemed to modify, amend, and/or interpret any of the documents which make up the settlement. In the instance that there is any conflict between anything set forth in this declaration and any of the documents, the documents shall be deemed controlling.

[4] [4] Although the 10C Property and the 31C Property have been sold, and the 23H Property sale is likely to close before the Approval is granted, Avenir is to receive its Service Charges stemming from the sale of such properties as set forth in the Services Agreement.

4

during that time period. Working with various high-level brokers, I have also marketed and sold properties in New York City on a regular basis for more than 20 years.

8. The terms of the Services Agreement (including, without limitation, the amount of the Service Charges and the terms pursuant to which the Service Charges are to be incurred and paid) were heavily negotiated between the parties with the assistance of counsel.

9. I respectfully request that this Court approve both the U.S. Settlement Agreement and the Services Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         August 20, 2021

_____
ILYA BYKOV